NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

KENNETH KIRUI, *Plaintiff/Appellant,*

*v.*

TODD LAPORTE, *Defendant/Appellee.*

No. 1 CA-CV 26-0137
FILED 8-11-2026

Appeal from the Superior Court in Maricopa County
No. CV 2025-017215
The Honorable Michael Valenzuela, Judge

**AFFIRMED**

COUNSEL

Kenneth Kiprono Kirui, Phoenix
*Plaintiff/Appellant*

Holden & Armer, PC, Phoenix
By Scott A. Holden, Nathan S. Ryan
*Counsel for Defendant/Appellee*

---

**MEMORANDUM DECISION**

Vice Chief Judge David D. Weinzweig delivered the decision of the Court, in which Presiding Judge D. Steven Williams and Judge Anni Hill Foster joined.

---

**W E I N Z W E I G**, Vice Chief Judge:

¶1         Kenneth Kirui appeals the superior court's dismissal of his special action against Todd LaPorte.  We affirm.

## FACTS AND PROCEDURAL BACKGROUND

¶2         A jury convicted Kirui of two counts of sexual assault and one count of kidnapping in July 2024.  *State v. Kirui*, 1 CA-CR 25-0282, 2026 WL 323319, *1, ¶ 2 (Ariz. App. Feb. 6, 2026) (mem. decision).  The State relied in part on a sexual assault nurse examiner's testimony and evidence she collected.  *State v. Kirui*, 1 CA-CR 24-0622, 2026 WL 950755, **1, 3, ¶¶ 5, 16 (Ariz. App. Apr. 8, 2026) (mem. decision).  The examining nurse was an employee of Scottsdale HonorHealth Hospitals ("HonorHealth") where LaPorte is CEO.

¶3         After his conviction, Kirui sent at least two letters to LaPorte seeking internal hospital policy documents concerning the use of personal emails for official business.  He claimed the nurse committed fraud when she used her personal email during his criminal case in violation of the hospital's code of conduct.  LaPorte did not respond, so Kirui petitioned the superior court for special action relief to order that LaPorte disclose the documents under public records laws.  *See* A.R.S. § 39-121.02(A) (petitioning for special action is the appropriate course for public records law disputes).

¶4         LaPorte moved to dismiss, arguing HonorHealth is not a public body, he is not an officer covered by the statute and the documents sought are not public records.  The superior court agreed and dismissed Kirui's complaint with prejudice.  Kirui timely appealed.  We have jurisdiction.  A.R.S. §§ 12-2101(A)(1), -120.21(A)(1).

## DISCUSSION

**¶5** Kirui argues the superior court erroneously dismissed his petition because HonorHealth and LaPorte are subject to Arizona's public records law.

**¶6** We review de novo the superior court's ruling on a 12(b)(6) motion to dismiss. *Liberti v. City of Scottsdale*, 258 Ariz. 496, 501, ¶ 17 (App. 2024); *see also* Ariz. R. Civ. P. 12(b)(6). A Rule 12(b)(6) motion to dismiss should be granted if the complaint fails to state a claim upon which relief can be granted. On appeal, we "must assume the truth of all of the complaint's material allegations, [and] accord the plaintiffs the benefit of all inferences which the complaint can reasonably support." *Gatecliff v. Great Republic Life Ins.*, 154 Ariz. 502, 508 (App. 1987). But "we do not accept as true allegations consisting of conclusions of law, inferences or deductions that are not necessarily implied by well-pleaded facts, unreasonable inferences or unsupported conclusions from such facts, or legal conclusions alleged as facts." *Jeter v. Mayo Clinic Ariz.*, 211 Ariz. 386, 389, ¶ 4 (App. 2005).

**¶7** Arizona's public records law requires that "[a]ll officers and public bodies shall maintain all records . . . reasonably necessary or appropriate to maintain an accurate knowledge of their official activities," and "[a]ny person may request to examine or be furnished copies . . . of any public record not otherwise available." A.R.S. § 39-121.01(B), (D)(1). The "public records law serves to open *government* activity to public scrutiny," and we interpret it to favor disclosure. *Lake v. City of Phoenix*, 222 Ariz. 547, 549, ¶¶ 7–8 (2009) (citation modified).

**¶8** The public records statute defines "officer" as:

> [A]ny person elected or appointed to hold any elective or appointive office of any public body and any chief administrative officer, head, director, superintendent or chairman of any public body.

A.R.S. § 39-121.01(A)(1). The statute defines "public body" as:

> [T]his state, any county, city, town, school district, political subdivision or tax-supported district in this state, any branch, department, board, bureau, commission, council or committee of the foregoing, and any public organization or agency, supported in whole or in part by monies from this state or any political subdivision of this state, or expending

monies provided by this state or any political subdivision of this state.

A.R.S. § 39-121.01(A)(2).

**¶9** The superior court dismissed Kirui's petition because LaPorte is an executive at HonorHealth, not an officer of a public body subject to public records law. We agree. Despite the statute's broad definitions and the reasonable inferences on a motion to dismiss, the CEO of a private hospital falls outside the definitions of "officer" or "public body." *See* A.R.S. § 39-121.01(A).

**¶10** Kirui argues that HonorHealth acted as an agent of the Maricopa County Attorney's Office because the hospital performs medical exams used in prosecutions and receives money for those services. That argument fails. The purpose of public records law is to "open *government* activity to public scrutiny," not to open the books of every private organization that contracts with the state. *Lake*, 222 Ariz. at 549, ¶¶ 7–8.

**¶11** Even if we were to accept Kirui's argument, his claim would fail because the documents sought are not public records. Our courts have articulated three definitions of public records:

> (1) a record made by a public officer in pursuance of a duty, the immediate purpose of which is to disseminate information to the public; (2) a record required by law to be kept, or necessary to be kept in the discharge of a duty imposed by law or directed by law to serve as a memorial and evidence of something written, said or done; or (3) any written record of transactions of a public officer in his office, which is a convenient and appropriate method of discharging his duties, and is kept by him as such, whether required by law or not.

*Lunney v. State*, 244 Ariz. 170, 174, ¶ 8 (App. 2017) (citation modified). Only documents with a "substantial nexus to government activities qualify as public records." *Lake*, 222 Ariz. at 549, ¶ 8 (citation modified).

**¶12** Here, Kirui requested "any policy in [LaPorte's] organization that allows official communications using email, and whether private emails are allowed." HonorHealth's internal email policies were not created to inform the public, do not document a transaction by a public officer and are not kept pursuant to any duty or a law. *See Lunney*, 244 Ariz. at 174, ¶ 8. Nor do the internal email policies of a private corporation share

a "substantial nexus" with government activities.  *See Lake*, 222 Ariz. at 549, ¶ 8.  Therefore, the superior court properly dismissed Kirui's petition.

**CONCLUSION**

¶**13**      We affirm.



MATTHEW J. MARTIN • Clerk of the Court
**FILED**:      JT